**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EMILY HUTCHENS** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **ADRIAN BLANCO VAZQUEZ, VTS CARRIERS, LLC, and TRISURA SPECIALTY INSURANCE COMPANY** | **MAGISTRATE** |

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Defendant, Trisura Specialty Insurance Company, who files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby removes this matter from the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court.

I.

On or about September 15, 2022, Plaintiff, Emily Hutchens, filed a personal injury lawsuit against Adrian Blanco Vazquez, VTS Carriers, LLC, and Trisura Specialty Insurance Company in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Docket Number C-72353024; Sec. 24, entitled, "*Emily Hutchens versus Trisura Specialty Insurance Company, VTS Carriers, LLC and Adrian Blanco Vazquez,*" (a copy of the Petition for Damages is attached as Exhibit "A"). Subsequently, Trisura Specialty Insurance Company was served on or about October 4, 2022 (a copy of the Citation is attached as Exhibit "B"). On or about September 27, 2022, Plaintiff, Emily Hutchens, filed a First Amended Petition for Damages (a copy of the First Amended Petition for Damages is attached as Exhibit "C"). This litigation arises from an automobile accident which allegedly occurred on or about November 5, 2021, in East Baton Rouge Parish, Louisiana.

**I.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

II.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

**A.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

III.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

IV.

Plaintiff, Emily Hutchens, alleges she sustained injuries "from which she has not recovered," according to her Petition for Damages and First Amended Petition for Damages. Ms. Hutchens has allegedly incurred: past, present, and future medical expenses; past, present and future lost wages and loss of earning capacity; past, present and future physical pain and suffering; past, present and future mental distress, pain, and suffering; and past, present and future loss of enjoyment of life. Further, Plaintiff seeks reimbursement for alleged property damage sustained to her 2018 Nissan Altima motor vehicle, including unpaid costs of repair, rental expenses, diminished value, and loss of use. (See Exhibit "A" Petition ¶ 11-12).

V.

Plaintiff has not stipulated, and the Petition for Damages and First Amended Petition for Damages do not aver, that Plaintiff's causes of action do not exceed $75,000, exclusive of interest and costs as required by La. C.C.P. art. 893. Nor has Plaintiff averred or offered a binding stipulation they affirmatively renounce the right to accept a judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, no. 06-560, slip op. (E.D. La June 7, 2006)(Vance J.) and *Kaplan v. Prime Demolition & Disposal, LLC et. al.*, No. 08-4714, slip op. (E.D. La. Dec. 18, 2008)(Africk J.)

VI.

On October 7, 2022, counsel for Defendant requested Plaintiff execute a binding and irrevocable stipulation that the total amount of damages claimed by her in connection with the above-referenced lawsuit does not exceed the sum or value of $75,000, exclusive of interests and costs in order to preclude removal to this court. (Attached as Ex. "D" *in globo*). On October 10, 2022, Plaintiff's counsel confirmed Plaintiff's damages in this case exceed $75,000 (attached as Exhibit "E"). Plaintiff's declination to stipulate constitutes further evidence the amount in controversy is in excess of the requisite amount for federal court diversity jurisdiction. *See, e.g., Simpson v. Dollar Tree Stores, Inc.* No. 15-2107 (W.D. La. 9/21/15); *Lee v. Dillon*, 2012 WL 3263882, *3 (W.D. La. 2012); *Broadway v. Wal-Mart Stores, Inc.* 2000 WL 1560167, *2 (E.D. La. 2000); *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751, 752 (M.D. La. 1993).

VII.

Defendant has conclusively established the total amount in controversy in this matter exceeds $75,000, exclusive of interests and legal costs.

### B.  COMPLETE DIVERSITY EXISTS

VIII.

Defendant, Adrian Blanco Vazquez, is a person of the full age of majority and is a citizen of the State of Texas.

IX.

Defendant, VTS Carriers, LLC, is a foreign corporation with both its place of incorporation and principal place of business in the State of Texas and is a citizen of the State of Texas.

X.

Defendant, Trisura Specialty Insurance Company is a foreign insurer that is an Oklahoma corporation with its principal place of business in Oklahoma and is a citizen of the State of Oklahoma.

XI.

Based on the information in the introductory Paragraph of the Petition for Damages, Plaintiff, Emily Hutchens, is a person of the full age of majority who is domiciled in Livingston Parish, Louisiana and is a citizen of the State of Louisiana.

XII.

There is complete diversity between the Plaintiff and Defendants. As of the date of filing of this Notice of Removal, Plaintiff has not named any other parties as Defendants.

### II.  DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XIII.

Service of citation and a copy of the Petition for Damages has not been requested to date on Defendant, Adrian Blanco Vazquez.

XIV.

Service of citation and a copy of the Petition for Damages was requested on Defendant, VTS Carriers, LLC via the Louisiana Long Arm Statute. Upon current information and belief, no return of service has been filed in the court record of the 19th Judicial District Court as of the date of filing.

XV.

Service of citation and a copy of the Petition for Damages were requested on Defendant, Trisura Specialty Insurance Company, a foreign insurer through the Louisiana Secretary of State, and Trisura Specialty Insurance Company was served on or about October 4, 2022.

XVI.

The Notice of Removal was properly filed within thirty (30) days of service of the petition on Defendant, Trisura Specialty Insurance Company.

XVII.

There is no other party needed to consent to the removal of this case.

XVIII.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441; this is a civil action wherein the Plaintiff's alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from all three Defendants.

XIX.

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

XX.

No previous application has been made for the relief requested herein.

XXI.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**JURY DEMAND**

XXII.

Defendant is entitled to and requests a trial by jury on all issues herein.

WHEREFORE, Defendant, Trisura Specialty Insurance Company, prays that the action entitled, "*Emily Hutchens versus Trisura Specialty Insurance Company, VTS Carriers, LLC and Adrian Blanco Vazquez*" bearing Docket Number C-72353024; Sec. 24, and pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from the state court docket to the United States District Court for the Middle District of Louisiana.

*(Signature Page Follows)*

Respectfully submitted:

***PERRIER & LACOSTE, LLC***

*s/ Ney J. Gehman*

_____
**GUY D. PERRIER, #20323**
**NEY J. GEHMAN, #26490**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820; Fax: (504) 212-8825
rperrier@perrierlacoste.com
ngehman@perrierlacoste.com
**ATTORNEYS FOR DEFENDANT,**
**TRISURA SPECIALTY INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by electronic mail, by hand delivery or by facsimile transmission, this 13th day of October, 2022, at their last known address of record.

*s/ Ney J. Gehman*

_____
**NEY J. GEHMAN**

7