EAST BATON ROUGE PARISH
Filed Sep 15, 2022 12:27 PM
Deputy Clerk of Court
E-File Received Sep 15, 2022 11:38 AM

C-723530
24

Case 3:22-cv-00790-BAJ-SDJ   Document 1-4   10/13/22   Page 1 of 4

**EXHIBIT A**

| | | |
|---|---|---|
| EMILY HUTCHENS | : | SUIT NO.: _____ SECTION: ___ |
| | : | |
| VERSUS | : | 19TH JUDICIAL DISTRICT COURT |
| | : | |
| TRISURA SPECIALTY INSURANCE | : | PARISH OF EAST BATON ROUGE |
| COMPANY, VTS CARRIERS, L.L.C., | : | |
| and ADRIAN BLANCO VAZQUEZ | : | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

The petition of **Emily Hutchens** (hereinafter sometimes referred to as "Petitioner") respectfully represents the following:

1.

Petitioner is a competent major domiciled in the Parish of Livingston, State of Louisiana.

2.

Made defendants herein are:

a) **Trisura Specialty Insurance Company**, a foreign insurer authorized to and doing business in and for the State of Louisiana, whose registered agent for service of process is the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

b) **VTS Carriers, L.L.C.**, a foreign limited liability company domiciled in the State of Texas, which may be served via the Louisiana Long-Arm Statute through its registered agent for service of process, Luis Rodrigo Ramirez Lemus, 611 Union Pacific Blvd., Laredo, Texas 78045.

c) **Adrian Blanco Vazquez**, a competent major believed to be domiciled in the State of Louisiana but whose residence address is currently unknown.

3.

Venue is proper in East Baton Rouge Parish where the wrongful conduct occurred.

4.

On or about November 5, 2021 around 1:00 a.m., defendant, **Adrian Blanco Vazquez**, was operating an 18-wheeler eastbound on I-12 near the Millerville exit. **Adrian Blanco Vazquez** was in the far left of the three eastbound lanes. Without ensuring that the middle lane was free and clear of vehicles, **Adrian Blanco Vazquez** attempted to change from the far left to the middle lane and crashed into the driver's side of a 2018 Nissan Altima operated by petitioner, **Emily Hutchens**. The impact nearly caused Petitioner to lose control of her vehicle. Then, instead of stopping to identify himself and render aid, **Adrian Blanco Vazquez** refused to pull over and continued

1

driving westbound, at which time Petitioner pulled off the Interstate and called 9-1-1 to report the crash.

5.

The above-described collision was caused by the negligence and/or legal fault of defendant, **Adrian Blanco Vazquez**, in the following particulars but not exclusively limited thereto:

a) Changing lanes before ascertaining that the lane change could be made safely without endangering normal or overtaking traffic;

b) Choosing not to yield the right-of-way to motorists in the adjacent lane;

c) Failing to keep his vehicle within a single lane of travel;

d) Choosing not to remain alert and keep a proper lookout;

e) Failing to see what he should have seen;

f) Operating a motor vehicle in a reckless and careless manner; and

g) Fleeing the scene of a crash.

Petitioner reserves her right to amend and supplement this petition to include additional allegations of negligence and/or legal fault as discovery continues.

6.

Upon information and believe, defendant, **VTS Carriers, L.L.C.**, is the registered owner of the 18-wheeler driven by defendant, **Adrian Blanco Vazquez**.

7.

Upon information and belief, defendant, **Adrian Blanco Vazquez**, was operating the 18-wheeler while in the course and scope of his employment with, on behalf of, and with express permission from, defendant, **VTS Carriers, L.L.C.** Under these circumstances, **VTS Carriers, L.L.C.** is vicariously liable for the negligent conduct of **Adrian Blanco Vazquez**.

8.

Additionally or in the alternative, to the extent discovery so indicates, the above-described collision was caused by the negligence and/or legal fault of defendant, **VTS Carriers, L.L.C.**, in the following particulars but not exclusively limited thereto:

a) Failing to properly train **Adrian Blanco Vazquez**;

b) Failing to properly supervise **Adrian Blanco Vazquez**;

2

   c) Negligently hiring **Adrian Blanco Vazquez**; and

   d) Negligent entrustment of the 18-wheeler to **Adrian Blanco Vazquez**.

Petitioner reserves her right to amend and supplement this petition to include additional allegations of negligence and/or legal fault as discovery continues.

9.

Petitioner, **Emily Hutchens**, was proceeding lawfully inside a single travel lane and within the posted speed limit at the time of impact. **Emily Hutchens** in no way caused or contributed to the collision, and she is entirely free of fault.

10.

Petitioner was properly restrained by her seatbelt at the time of impact.

11.

The collision caused petitioner, **Emily Hutchens**, to suffer injuries from which she has not recovered. As a result of said injuries, **Emily Hutchens** has incurred and will continue to incur the following, non-exclusive damages:

   a) Past, present, and future medical expenses;

   b) Past, present, and future lost wages and loss of earning capacity;

   c) Past, present, and future physical pain and suffering;

   d) Past, present, and future mental distress, pain, and suffering; and

   e) Past, present, and future loss of enjoyment of life.

Petitioner reserves her right to amend and supplement this petition to include additional damages as discovery continues.

12.

The collision caused damage to Petitioner's 2018 Nissan Altima, and Petitioner seeks reimbursement for her property damage, including, but not limited to, unpaid costs of repair, rental expenses, diminished value, and loss of use.

13.

At the time of the collision at issue, defendant, **VTS Carriers, L.L.C.**, had in full force and effect a policy of liability insurance with defendant, **Trisura Specialty Insurance Company**, wherein **Trisura Specialty Insurance Company** agreed to indemnify and/or pay on behalf of

**VTS Carriers, L.L.C.** any and all liability and damages caused by and arising out of the operation of any motor vehicles owned by **VTS Carriers, L.L.C.**, operated under the authority of **VTS Carriers, L.L.C.**, and/or operated by **Adrian Blanco Vazquez**, and in all respects was insuring **Adrian Blanco Vazquez** and the 18-wheeler involved in this collision.

14.

Petitioner, **Emily Hutchens**, maintained a policy of motor vehicle liability insurance with Progressive Security Insurance Company in compliance with the compulsory minimum liability insurance requirements under Louisiana law.

WHEREFORE, petitioner, **Emily Hutchens**, prays that the defendants herein be duly cited and served with a copy of the petition and made to appear and answer same, and that there be judgment in a reasonable and adequate amount against defendants, **Trisura Specialty Insurance Company**, **VTS Carriers, L.L.C.**, and **Adrian Blanco Vazquez**, jointly and *in solido*, together with legal interest from the date of judicial demand until paid, court costs, and all other just and equitable relief as the nature and equity of the case may permit or require.

Respectfully submitted:

**KLEINPETER | SCHWARTZBERG | BOUTWELL**

BY: _/s/ Hester D Lemoine_
Alan L. Schwartzberg (#11855)
Hester Dornan Lemoine (#34525)
6655 Jefferson Highway
Baton Rouge, Louisiana 70806
Tel: (225) 926-4130
Fax: (225) 929-9817
alans@ksbrlaw.com
hesterd@ksbrlaw.com

**PLEASE SERVE:**

**Trisura Specialty Insurance Company**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

**VTS Carriers, L.L.C.**
Via the Louisiana Long-Arm Statute
through its registered agent for service of process:
Luis Rodrigo Ramirez Lemus
611 Union Pacific Blvd.
Laredo, Texas 78045

4